**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 06-128 (KAJ) |
| | ) | |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY, a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF
UNION PACIFIC RAILROAD COMPANY'S MOTION TO DISMISS**

<div style="margin-left: 45%;">

Daniel F. Wolcott, Jr. (ID No. 284)
POTTER ANDERSON & CORROON LLP
1313 North Market Street—6th Floor
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Fax: (302) 658-1192
dwolcott@potteranderson.com

*Attorneys for Defendant Union Pacific
Railroad Company*

</div>

Date: October 3, 2006

## TABLE OF CONTENTS

Table of Authorities ........................................................................................... ii, iii

NATURE AND STAGE OF PROCEEDING ....................................................... 1

SUMMARY OF ARGUMENT .............................................................................. 1

STATEMENT OF FACTS ................................................................................... 1

ARGUMENT ....................................................................................................... 3

    I.     PLAINTIFF JEROME DAVIS' COMPLAINT SHOULD BE
         DISMISSED FOR LACK OF JURISDICTION ...................................... 3

         A.     Applicable Legal Standard ......................................................... 3

         B.     Plaintiff and Defendant do not have diverse citizenship as
              required under 28 U.S.C. § 1332(c)(1), original diversity
              jurisdiction ................................................................................. 3

    II.    PLAINTIFF MUST BE DENIED CERTIFICATION OF A
         CLASS ACTION AS A PRO SE PLAINTIFF IS NOT
         QUALIFIED AS A MATTER OF LAW TO REPRESENT A
         PUTATIVE CLASS IN A CLASS ACTION LAWSUIT ........................ 5

CONCLUSION .................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

*Alumbaugh v. Union Pacific R. Co.*,
    322 F.3d 520 (8th Cir. 2003) ...................................................................5

*Blue v. Def. Logistics Agency*,
    2006 WL 1438740 (3d Cir. 2006) ..............................................................6

*Fymbo v. State Farm Fire & Cas. Co.*,
    213 F.3d 1320 (10th Cir. 2000) ..................................................................6

*Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt.,
    Inc.*,
    316 F.3d 408 (3d Cir. 2003)..............................................................3, 4, 5

*Handy v. Uniroyal, Inc.*,
    298 F. Supp. 301 (D. Del. 1969)..................................................................4

*Kelly v. U.S. Steel Corp.*,
    284 F.2d 850 (3d Cir. 1960)........................................................................4

*Lewis v. City of Trenton Police Dep't*,
    No. 05-4733, 2006 U.S. App. LEXIS 9287 (3d Cir. April 12, 2006) .............................6

*Mennen Co. v. Atlantic Mut. Ins. Co.*,
    147 F.3d 287 (3d Cir. 1998)........................................................................4

*Mortensen v. First Fed. Savings and Loan Ass'n*,
    549 F.2d 884 (3d Cir. 1977).......................................................................3

*Oxendine v. Williams*,
    509 F.2d 1405 (4th Cir. 1975) ....................................................................6

*Petersen v. Union Pacific R.R. Co.*,
    C.A. No. 04 C 5918, 2006 WL 1049715 (N.D. Ill. April 19, 2006).............................5

*Smith v. Sperling*,
    354 U.S. 91, 93 n. 1 (1957)........................................................................3

*Union Pacific R.R. Co. v. 174 Acres of Land*,
    193 F.3d 944 (8th Cir. 1999) .....................................................................5

## STATUTES & RULES

28 U.S.C. §1332(a) ....................................................................................3

28 U.S.C. §1332(c)(1)................................................................................4

## **OTHER AUTHORITIES**

*Davis v. ASARCO, et al.*,
No. 4:05-cv-03220-RGK-PRSE, Order, (D. Neb. Sept. 7, 2005)........................2

*Davis v. Union Pacific R.R. Co., et al*,
Doc. 1054, PG 729, Progression Letter, (D. Neb. Court, Douglas County Aug.
10, 2006) ........................................................................................2

## NATURE AND STAGE OF PROCEEDING

On February 27, 2006, Plaintiff filed a complaint ("the Complaint") against Union Pacific with the United States District Court of Delaware. Plaintiff was granted In Forma Pauperis status, but this Court required Plaintiff to pay $1.66 towards the filing fee. Union Pacific was served by the U.S. Marshall on August 23, 2006. On September 12, 2006, Defendant moved for and was granted an extension of time to answer, plead, or otherwise respond by October 3, 2006. Plaintiff filed a default motion, presumably unaware of the Court's grant of extension of time. On September 22, 2006, Plaintiff filed a motion requesting that the Honorable Kent A. Jordan recuse himself.

This is Defendant Union Pacific's opening brief in support of its motion to dismiss based on lack of subject matter jurisdiction.

## SUMMARY OF ARGUMENT

1.      The Complaint should be dismissed for lack of jurisdiction because there is no diversity jurisdiction since Plaintiff is a resident of Nebraska and Union Pacific's principal place of business is also in Nebraska.

2.      Plaintiff should be denied class action certification because as a *pro se* litigant he cannot, as a matter of law, adequately represent a class.

## STATEMENT OF FACTS

Plaintiff Jerome Davis brings this action, *pro se* and In Forma Pauperis, against defendant Union Pacific Railroad Company ("Union Pacific"), a Delaware corporation with its principal place of business in Nebraska. Plaintiff, a citizen of Nebraska, seeks recovery for personal injuries allegedly sustained as a result of exposure to lead contamination. Plaintiff alleges that as a result of his exposure to lead he has

suffered personal injuries, including, an unknown cancer in his kidney, diminished

mental and intellectual capacity, and arrested physical development. (Pl.'s Compl. ¶ 2.)

Plaintiff erroneously bases this action on original diversity jurisdiction.

Diversity does not exist between Plaintiff and Defendant. While Union Pacific is a

Delaware corporation, its principal place of business is in Nebraska. It's headquarters

and main administrative offices are located at 1400 Douglas Street, Omaha, Nebraska.

(See the affidavit of Charles W. Saylor, Assistant Secretary of Union Pacific, attached as

Ex. A hereto.)

Plaintiff has filed similar complaints against Union Pacific and other

defendants in the United States District Court of Nebraska as well as the District Court of

Nebraska, Douglas County. Plaintiff's complaints have all been dismissed. *See Davis v.*

*ASARCO, et al.*, No. 4:05-cv-03220-RGK-PRSE, Order, (D. Neb. Sept. 7, 2005) (denied

In Forma Pauperis status for failure to state a claim upon which relief can be granted)

(Docket sheet and opinion attached as Ex. B); *Davis v. Union Pacific R.R. Co., et al.*,

Doc. 1054, PG 729, Progression Letter, (D. Neb. Court, Douglas County Aug. 10, 2006)

(dismissed for failure to prosecute) (Docket sheet and letter attached as Ex. C.)

Notwithstanding the denial of In Forma Pauperis status for failure to state a claim for

which relief can be granted and a dismissal for failure to prosecute, Plaintiff persists in

filing frivolous and vexious complaints, with no cognizable causes of action, against

Union Pacific.

2

## ARGUMENT

I.   **PLAINTIFF JEROME DAVIS' COMPLAINT SHOULD BE DISMISSED FOR LACK OF JURISDICTION.**

A.   **Applicable Legal Standard**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), for lack of jurisdiction, "no presumptive truthfulness attaches to Plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Fed Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). As subject matter jurisdiction speaks directly to a court's "very power to hear the case," a court may consider evidence to satisfy itself that jurisdiction exists. Plaintiff has the burden of proving that the court does in fact have jurisdiction and may properly adjudicate the matter. As parties to litigation cannot waive jurisdiction, a court may evaluate its jurisdiction at any point during the proceedings. *Id.*

B.   **Plaintiff and Defendant do not have diverse citizenship as required under 28 U.S.C. § 1332(c)(1), original diversity jurisdiction.**

Plaintiff bears the burden of proving that this Court has subject matter jurisdiction over the instant action. In yet his third complaint against Union Pacific, Plaintiff has inappropriately filed in the District Court of Delaware based on original diversity jurisdiction. Plaintiff and defendant are not of diverse citizenship since they are both citizens of Nebraska.

Diversity jurisdiction requires complete diversity of citizenship between plaintiffs and defendants in addition to an amount in controversy in excess of $75,000.00. 28 U.S.C. §1332(a) (2006). Citizenship of the parties is determined at the time the complaint is filed. *Smith v. Sperling*, 354 U.S. 91, 93 n. 1 (1957); *see also Grand Union*

3

*Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). Jurisdiction attaches only where all Plaintiffs are of a diverse citizenship than that of all defendants. *Grand Union Supermarkets*, 316 F.3d at 410.

For the purposes of determining the existence of complete diversity, a corporation has dual citizenship. 28 U.S.C. §1332(c)(1); *Handy v. Uniroyal, Inc.*, 298 F. Supp. 301, 302 (D. Del. 1969) ("[D]ual citizenship of a corporation exists . . . for determining diversity of citizenship in an action initially commenced in a District Court . . . [and for] determining whether a case may be removed from a State court . . . ."). A corporation is a citizen of the state of its incorporation <u>and</u> a citizen of the state of its principal place of business. *Handy*, 268 F. Supp. at 302. Thus, a corporation has citizenship in a maximum of two states—its state of incorporation and, if different, its principal place of business. *Kelly v. U.S. Steel Corp.*, 284 F.2d 850 (3d Cir. 1960); *see also Mennen Co. v. Atlantic Mut. Ins. Co.*, 147 F.3d 287, 292 (3d Cir. 1998) ("One of Congress' main purposes in enacting §1332(c)(1) was to curtail the availability of diversity jurisdiction.").

Diversity is lacking since Union Pacific has its principal place of business in the state of Nebraska. While a corporation may have multiple places of business, there can only be one principal place of business for the purpose of § 1332(c). In *Kelly*, the court held that Pennsylvania was U.S. Steel's principal place of business even though the Board of Directors met in New York City and had some offices there because the administrative offices were in Pennsylvania. 284 F.2d at 854. A corporation's principal place of business is determined by ascertaining where "the headquarters of day-to-day corporate activity and management" occur. *Mennen Co.*, 147 F.3d at 292. Under the

4

"center of corporate activities" test, a corporation's principal place of business is where the corporation "conducts its affairs." *Grand Union Supermarkets*, 316 F.3d at 411.

Other courts and litigants have agreed that Union Pacific is a citizen of Nebraska for diversity purposes. *See, e.g., Alumbaugh v. Union Pacific*, 322 F.3d 520, 523 (8th Cir. 2003); *Union Pacific Railroad Co. v. 174 Acres of Land*, 193 F.3d 944, 944 (8th Cir. 1999); *Petersen v. Union Pacific RR. Co.*, C.A. No. 04 C 5918, 2006 WL 1049715, *2 (N.D. Ill. April 19, 2006) (stating "Union Pacific is a national company incorporated in Delaware, with its principal place of business in Omaha, Nebraska") (Ex. D hereto.) As stated in his complaint, Plaintiff is a citizen of Nebraska. Therefore, the requirement of diverse citizenship between Plaintiff and Defendant is not met.

While Plaintiff correctly notes that Union Pacific is incorporated in Delaware, that is not dispositive when Union Pacific's principal place of business is located in Nebraska. Subject matter jurisdiction is a threshold requirement to adjudication on the merits, and Plaintiff has not and cannot plead diversity jurisdiction where diversity does not exist. Therefore, the Complaint should be dismissed for lack of jurisdiction.

## II.    PLAINTIFF MUST BE DENIED CERTIFICATION OF A CLASS ACTION AS A PRO SE PLAINTIFF IS NOT QUALIFIED AS A MATTER OF LAW TO REPRESENT A PUTATIVE CLASS IN A CLASS ACTION LAWSUIT.[1]

Plaintiff should not be granted class action certification because he is proceeding as a *pro se* litigant. Under Federal Rule of Civil Procedure 23(a), class certification is appropriate only where Plaintiff shows: "1) the class is so numerous that

---

[1] It is not necessary for the court to consider this argument if the Complaint is dismissed for lack of jurisdiction. Union Pacific presents this argument because of the requirements of Federal Rule of Civil Procedure 12(h).

joinder . . . is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical . . . of the class; and 4) the representative parties will fairly and adequately protect the interest of the class." *Blue v. Def. Logistics Agency*, 2006 WL 1438740,*3 (3d Cir. 2006) (Ex. E hereto.)

Plaintiff's *pro se* status precludes him from meeting the four prerequisites necessary for class action certification. Namely, a *pro se* Plaintiff cannot adequately represent the interests of other class members. *Lewis v. City of Trenton Police Dep't*, No. 05-4733, 2006 U.S. App. LEXIS 9287, *4 (3d Cir. April 12, 2006) (stating "[i]n any event [one] who is proceeding pro se, may not represent a putative class of prisoners.") (citing *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)) (Ex. F hereto); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Therefore, this Plaintiff cannot represent class members who, as he alleges, have been exposed to lead contamination and the request for class action status should be denied.

## CONCLUSION

For the foregoing reasons, Jerome Davis' Complaint should be dismissed for lack of jurisdiction.

POTTER ANDERSON & CORROON LLP

By _____

Daniel F. Wolcott, Jr.  (ID No. 284)
1313 North Market Street—6th Floor
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Fax:   (302) 658-1192
dwolcott@potteranderson.com

*Attorneys for Defendant Union Pacific Railroad Company*

Date:   October 3, 2006
752834

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 06-128 (KAJ) |
| | ) | |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY, a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF CHARLES W. SAYLORS**

|  |  |  |
|---|---|---|
| STATE OF NEBRASKA | ) | |
| | ) SS | |
| COUNTY OF DOUGLAS | ) | |

I, Charles W. Saylors, having been duly sworn, do depose and say:

1. I am an Assistant Secretary for Union Pacific Railroad Company ("Union Pacific").

2. Union Pacific is a Delaware corporation.

3. Union Pacific's principal place of business is in Omaha, Nebraska.

4. Union Pacific has its main administrative offices at 1400 Douglas Street, Omaha, Nebraska.

5. I submit this affidavit in support of Union Pacific's motion to dismiss in the captioned case.

Charles W. Saylors
Assistant Secretary
Union Pacific Railroad Company

SWORN TO AND SUBSCRIBED before me
this 29 day of September, 2006.

Notary Public

GENERAL NOTARY - State of Nebraska
DEBORAH L. VORNBROCK
My Comm. Exp. Jan. 15, 2008

752984

# EXHIBIT B

CLOSED, NEBRASKADOCKET, PROSEDOCKET, TRIAL-LINCOLN

**Version 2.5**
**U.S. District Court of Nebraska (4 Lincoln)**
**CIVIL DOCKET FOR CASE #: 4:05-cv-03220-RGK-PRSE**

Davis v. ASARCO et al
Assigned to: Judge Richard G. Kopf
Referred to: Pro Se Docket
Cause: 42:9613(b) CERCLA

Date Filed: 09/01/2005
Jury Demand: None
Nature of Suit: 540 Mandamus & Other
Jurisdiction: Federal Question

**Plaintiff**

**Jerome Davis**                    represented by   **Jerome Davis**
                                                     61935
                                                     SPR-NEBRASKA, Nebraska State
                                                     Penitentiary
                                                     Address Updated 9/6/2005
                                                     P.O. Box 2500
                                                     Lincoln, NE 68542-2500
                                                     PRO SE

V.

**Defendant**

**ASARCO**
*Inc.*

**Defendant**

**Gould Electronics**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/01/2005 | 1 | COMPLAINT against ASARCO and Gould Electronics filed by Jerome Davis. No Summons issued.(CS, ) (Entered: 09/02/2005) |
| 09/01/2005 | 2 | MOTION for Leave to Proceed in forma pauperis on behalf of Plaintiff Jerome Davis(CS, ) (Entered: 09/02/2005) |
| 09/01/2005 | 3 | PRISONER ACCOUNT STATEMENT by Plaintiff Jerome Davis. ACCESS TO THE PDF DOCUMENT IS RESTRICTED PURSUANT TO THE E-GOVERNMENT ACT. ACCESS IS LIMITED TO COUNSEL OF RE CORD AND THE COURT. (Scanned Document has been compared to the paper document, and has been determined that the scanned document is as legible as the paper) (CS, ) (Entered: 09/02/2005) |
| 09/02/2005 | 4 | NOTICE by Clerk acknowledging receipt of complaint filed by a pro se party. (CS, ) (Entered: 09/02/2005) |
| | | |

| | | |
|---|---|---|
| 09/02/2005 | 5 | LETTER by Clerk requesting plaintiff's trust account statement from institution. (Letter mailed to Inga Hookstra, Nebraska Department of Correctional Services) (CS, ) (Entered: 09/02/2005) |
| 09/07/2005 | 6 | MEMORANDUM AND ORDER denying 2 Motion for Leave to Proceed in forma pauperis. Plaintiff's Motion to Proceed In Forma Pauperis, is denied at this time pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) (failure to state a claim on which relief may be granted). The plaintiff shall have until September 26, 2005 to file an AmendedComplaint specifying the nature of his cause of action or basis of his claim against the defendants, and the time frame in which his claim arose. In the absence of a timely and sufficient Amended Complaint, this action will be subject, without further notice, to dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). Signed by Judge Richard G. Kopf on 9/7/2005. (JAR) (Entered: 09/07/2005) |
| 09/09/2005 | 7 | PRISONER ACCOUNT STATEMENT by Plaintiff Jerome Davis ACCESS TO THE PDF DOCUMENT IS RESTRICTED PURSUANT TO THE E-GOVERNMENT ACT. ACCESS IS LIMITED TO COUNSEL OF RECORD AND THE COURT. (JAR) (Entered: 09/09/2005) |
| 09/12/2005 | 8 | NOTICE OF INTERLOCUTORY APPEAL regarding Order on Motion for Leave to Proceed in forma pauperis,6 on behalf of Plaintiff Jerome Davis. (JAR) (Entered: 09/12/2005) |
| 09/12/2005 | 9 | MOTION for Leave to Proceed in forma pauperis on behalf of Plaintiff Jerome Davis.(JAR) (Entered: 09/12/2005) |
| 09/22/2005 | 10 | MEMORANDUM AND ORDER regarding 9 Motion for Leave to Proceed in forma pauperis. IT IS ORDERED: 1. That filing no. 9, the plaintiff's Motion to Proceed IFP on appeal, is denied; 2. That the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit Court of Appeals as the notice required by Fed. R. App. P. 24(a)(4), and the Clerk shall process the appeal to the Eighth Circuit; and 3. That the plaintiff may file a motion in the Court of Appeals for leave to proceed IFP on appeal. Signed by Judge Richard G. Kopf on 9/22/2005. (JAR) (Entered: 09/22/2005) |
| 09/22/2005 | 11 | 2 COPIES Notice of Appeal to USCA8, Memorandum and Order6, Memorandum and Order10 and Certified Copies of the Docket Sheet mailed to Clerk, USCA - 8th Circuit. Electronic copy of case file labeled [CV1] also enclosed. (JAR) (Entered: 09/22/2005) |
| 10/17/2005 | 12 | COPY (e-mail) of Order from USCA - 8th Circuit that this court has received the district court's order of September 22, 2005, denying the appellant leave to proceed on appeal in forma pauperis. Jerome Davis is directed to comply with the district court's order by November 1, 2005, or the appeal will be dismissed for failure to prosecute. (Attachments: # 1 Letter by USCA Clerk)(CS, ) (Entered: 10/17/2005) |
| 10/17/2005 | 13 | SCHEDULING/LIEU LETTER from USCA - 8th Circuit as to Notice of Appeal to USCA 8; Appellate Docket Number 05-3765 - the Court will |

| | | consider this appeal on the original file in lieu of the designation of record. (CS, ) (Entered: 10/17/2005) |
|---|---|---|
| 06/06/2006 | 14 | E-mail COPY of Order from USCA - 8th Circuit(05-3765) regarding Notice of Interlocutory Appeal8. Appellant's motion to proceed in forma pauperis is granted. This court has reviewed the original file of the United States District Court. It is ordered by the court that the judgment of the district court is summarily affirmed. (Attachments: # 1 Letter by Clerk) (JAR) (Entered: 06/08/2006) |
| 06/08/2006 | 15 | Mail COPY of Order from USCA - 8th Circuit(05-3765) regarding Notice of Interlocutory Appeal8. Appellant's motion to proceed in forma pauperis is granted. This court has reviewed the original file of the United States District Court. It is ordered by the court that the judgment of the district court is summarily affirmed. (Attachments: # 1 Letter by Clerk) (JAR) (Entered: 06/09/2006) |
| 06/09/2006 | 16 | RECORD on appeal returned from USCA - 8th Circuit regarding Notice of Interlocutory Appeal to USCA8. Electronic copy of file [CV1] returned. (JAR) (Entered: 06/09/2006) |
| 06/28/2006 | 17 | Letter by Clerk USCA 8th Circuit (05-3765) regarding Notice of Interlocutory Appeal to USCA8. The mandate of this Court is being sent to the clerk of thedistrict court. Any district court records in this court's possession will bereturned shortly. (JAR) (Entered: 06/28/2006) |
| 06/30/2006 | 18 | MANDATE/JUDGMENT from USCA - 8th Circuit (05-3765) affirming the decision of the District Court regarding Notice of Appeal to USCA8. Appellant's motion to proceed in forma pauperis is granted. (Attachments: # 1 Cover Letter)(GJG,) (Entered: 06/30/2006) |
| 08/07/2006 | 19 | MEMORANDUM AND ORDER - the plaintiff shall have 21 days from the date of thisMemorandum and Order to file an Amended Complaint. In the absence of a timelyand sufficient Amended Complaint, this action will be subject, without further notice, to dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, unless the plaintiff pays the full filing fee for the right to continue with the case. Amended Complaint due by 8/28/2006. Signed by Judge Richard G. Kopf on 8/7/2006. (JAE, ) (Entered: 08/07/2006) |
| 08/14/2006 | 20 | MOTION to Dismiss (Withdraw Motion) on behalf of Plaintiff Jerome Davis.(JAR) (Entered: 08/15/2006) |
| 08/16/2006 | 21 | ORDER granting 20 Motion to Dismiss. The above-entitled case is dismissed, without prejudice, at the plaintiff's request; and Judgment will be entered accordingly. Ordered by Judge Richard G. Kopf.(JAR) (Entered: 08/16/2006) |
| 08/16/2006 | 22 | JUDGMENT regarding Order on Motion to Dismiss21. In accordance with the Memorandum and Order filed in this matter, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this action and the plaintiff's complaint are dismissed without prejudice at the plaintiff's request. Ordered by Judge Richard G. Kopf. (JAR) (Entered: 08/16/2006) |

In The United States District Court
For The District of Nebraska

Plaintiff
Jerome Javes # 61835

Vs.

Asarco Inc. &
Gould Electronics
Defendants

Complaint

4:05 cv 3220

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
05 SEP -1 PM 1:27
OFFICE OF THE CLERK

## Jurisdiction

The Jurisdiction of the Court is: 28 USC S. 1332
Defendants are Arizona, Colorado, Ohio Corporations, & Plaintiff has
his domicile in Nebraska.

## Complaint

Plaintiff was contaminated & poisoned by the lead in the
soil: on the Omaha, Nebraska Superfund site as a child & until a
young man. As a result of said contamination & lead poisoning,
plaintiff suffered brain damage, arrested physical & intellectual
development, wilmes tumor/(removal of left kidney) cancer, plus
increased risk of cancer. All is set out by the Agency for
Toxic Substances & Disease Registry (A.T.S.D.R.)

In U.S. & V. Asarco Inc. & Southern Peru Holding Corp., Docket No. CV 02-2079-PHX-RCB, February 3, 2003 in this court held that defendant Asarco is liable for said contamination, & "E.P.A." Environmental Protection Agency is still negotiating with defendants - Gould Electronics & other two liable parties "Union Pacific Railroad Company" & "Aaron Ferer & Sons".

Plaintiff is 28 years old & was born in 1977- from then to 18 yrs of age has lived within the Superfund site & suffered irreversible injuries as is said.

## Demand

(1) I'm seeking relief & punitive damages in the amount of 2,500,000 for lead poisoning contamination & irreversible damages & injuries.

(2) A declaration defendants are jointly & severally liable for such injuries

(3) Order directing defendants to immediately pay for the removal of Plaintiff & his family, & all similarly situated from off of said "site" to different & suitable housing comparable to present housing on said site.

(4) Certification hereof as a class action

(5) Appointment of counsel to represent the class

(6). Leave to progress herein in forma pauperis

(7). Whatever else court deems just or appropriate

Respectfully,

Plaintiff:
Jerome Jarvis #61935

Summited the 29th Day of August 2005.



Mr. Jerome Javis #61935
P.O. Box 2500
Lincoln, NE 68542-2500

Regular Mail
Do Not Open

"Clerks Office
United States District Court
100 Centennial Mall
Lincoln, NE 68508

Notice: This correspondence was mailed by an inmate confined in an institution operated by the Nebraska Department of Correctional Services. Its contents are uncensored.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEROME DAVIS,                          )
                                       )
            Plaintiff,                 )              4:05cv3220
                                       )
      vs.                              )       MEMORANDUM AND ORDER
                                       )
ASARCO, et al.,                        )
                                       )
            Defendants.                )

      This matter is before the court on filing no. 2, the Motion to Proceed In Forma
Pauperis ("IFP"), filed by the pro se plaintiff, Jerome Davis, a prisoner. Mr. Davis alleges
that he was "contaminated," as a child, by lead deposited in the soil of a "Superfund site"
in Omaha, Nebraska.  The plaintiff relies on a decision issued by a court in Phoenix,
Arizona for the principle that the defendants are liable for his injuries, which include cancer,
brain damage, and arrested development.  The plaintiff has not provided the court with a
copy of the decision on which he relies.

      The plaintiff does not explain *why* the defendants are liable to him.  In other words,
he does not set forth a cause of action under state or federal law.  The Comprehensive
Environmental Response, Compensation, and Liability Act ("CERCLA") does not provide
the plaintiff with a cause of action for his alleged personal injuries.  CERCLA imposes
liability on an owner or operator of a facility "from which there is a release, or a threatened
release which causes the incurrence of **response costs**, of a hazardous substance."  42
U.S.C. § 9607(a) (emphasis added).   The plaintiff does not allege that he incurred any
response costs.  There is no private cause of action under CERCLA to recover damages
for personal injuries suffered as a result of violations of the statute.  See, e.g., Cabana v.
Forcier, 148 F. Supp.2d 110, 114 (D. Mass. 2001).

      If the plaintiff does not rely upon CERCLA for his claim against the defendants, but
instead relies upon Nebraska tort law, e.g., negligence or possibly product liability law, the
plaintiff's claim is very likely barred by the applicable statutes of limitations or repose.  The
injuries apparently were inflicted when the plaintiff was a child.

      By moving for leave to proceed IFP, the plaintiff subjects his complaint to review
under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

      (2) Notwithstanding any filing fee, or any portion thereof, that may have been
      paid, the court shall dismiss the case at any time if the court determines that--

      (A) the allegation of poverty is untrue; or

1

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

THEREFORE, IT IS ORDERED:

1.      That filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis, is denied at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim on which relief may be granted);

2      That the plaintiff shall have until September 26, 2005 to file an Amended Complaint specifying the nature of his cause of action or basis of his claim against the defendants, and the time frame in which his claim arose; and

3.      That in the absence of a timely and sufficient Amended Complaint, this action will be subject, without further notice, to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 7th day of September, 2005.

BY THE COURT:

/s Richard G. Kopf
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | 4:05cv3220 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| ASARCO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on remand from the United States Court of Appeals for the Eighth Circuit. In filing no. 6, my Memorandum and Order of September 5, 2005, I denied the Motion to Proceed In Forma Pauperis ("IFP"), filed by the plaintiff, Jerome Davis, a prisoner. Mr. Davis alleges that he was contaminated, as a child, by lead deposited in the soil of a Superfund site in Omaha, Nebraska. The plaintiff believes the defendants are liable for his injuries, which include cancer, brain damage, and arrested development.

As I noted in filing no. 6, the plaintiff failed to state a cause of action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") for his alleged personal injuries because CERCLA imposes liability for "response costs," 42 U.S.C. § 9607(a), and the plaintiff does not allege that he incurred any response costs. There is no private cause of action under CERCLA to recover damages for personal injuries suffered as a result of violations of the statute. See, e.g., Cabana v. Forcier, 148 F. Supp.2d 110, 114 (D. Mass. 2001).

I noted also that if the plaintiff does not rely on CERCLA for his claim against the defendants, but instead relies on Nebraska tort law, e.g., negligence or possibly product liability law, his claim appears on the face of the complaint to be barred by the applicable statutes of limitations. The injuries apparently were inflicted when the plaintiff was a child. Although tolled during his minority until he reached 19 years of age, the statutes of limitations began to run thereafter. The plaintiff brought this action at the age of 28, substantially after the end of his minority **and** expiration of the statutes of limitations.

Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim on which relief may be granted), I denied the plaintiff's Motion to Proceed IFP and gave the plaintiff 21 days to file an Amended Complaint to try to state a claim on which relief may be granted (filing no. 6). Instead, the plaintiff appealed to the Eighth Circuit Court of Appeals. In filing no. 18, the Eighth Circuit granted the plaintiff leave to proceed IFP *on appeal* and then summarily affirmed my Memorandum and Order of September 5, 2005 (filing no. 6).

1

Therefore, once again, the plaintiff shall have 21 days from the date of this Memorandum and Order to file an Amended Complaint specifying the nature of his cause of action or basis of his claim against the defendants, and the time frame in which his claim arose and to try to state a claim on which relief may be granted. In the absence of a timely and sufficient Amended Complaint, this action will be subject, without further notice, to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, unless the plaintiff pays the full filing fee for the right to continue with the case.[1]

SO ORDERED.

August 7, 2006.                    BY THE COURT:


                                   s/ *Richard G. Kopf*
                                   United States District Judge

---

[1]See 28 U.S.C. § 1915  Proceedings in forma pauperis:

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEROME DAVIS,                                )
                                             )          4:05cv3220
                    Plaintiff,               )
                                             )     MEMORANDUM AND ORDER
          vs.                                )
                                             )
ASARCO, et al.,                              )
                                             )
                    Defendants.              )

This matter is before the court on filing no. 20, the motion by the plaintiff, Jerome

Davis, for voluntary dismissal of the above-entitled case, without prejudice.  Pursuant to

Fed. R. Civ. P. 41(a), the motion is granted.  No defendant has been served with process.

THEREFORE, IT IS ORDERED:

1.      That filing no. 20 is granted, and the above-entitled case is dismissed, without

prejudice, at the plaintiff's request; and

2.      That judgment will be entered accordingly

August 16, 2006.                    BY THE COURT

                                    s/ Richard G. Kopf
                                    United States District Judge

# EXHIBIT C

```
BCE 1054729                                                          PAGE 001
CAPTION PLAINTIFF   DAVIS, JEROME
CAPTION DEFENDANT  *UNION PACIFIC RAILROAD COMPANY
ATTY PLAINTIFF      PRO SE,
ATTY DEFENDANT      LAMSON, JR., WILLIAM M.

   CASE TYPE                   JUDGE               FILED  REOPEN   TERM
DAMAGES                    ASHFORD, W. MARK      C 100605          081006
      DATE PRIN       EVENT DESCRIPTION          CALENDARED  JRL/MFM
001 081506       NOTICE OF DISMISSAL                               034
001 081006       CASE DISMISSED-PROGRESSION LETTER        3822000 033
001 071006       LETTER-CASE PROGRESSION STANDARDS                 034
001 070306 P01   MOTION FOR DISMISSAL #8                           034
001 060506 P01   PRAECIPE                                          034
                 RE: COPY OF TRANSCRIPTS OF PLEADINGS
001 041806 P01   MOTION FOR DISMISSAL                              034
001 041706       LETTER OOO                                        034
                 FROM NE S/CRT & CRT OF APPEALS
                 RE: APPEAL NOT DOCKETED
001 041006 P01   NOTICE OF APPEAL                                  034
001 030306       NOTICE                                            034
                 RE: COPY OF BILL OF EXCEPTIONS
002 030306       BILL OF EXCEPTIONS                                034
DEPRESS "ENTER"              TO CONTINUE EVENTS
```

```
BCE 1054729                                                            PAGE 002
    DATE PRIN     EVENT DESCRIPTION            CALENDARED JRL/MFM
                  VOL I
001 022806        ORDER                                      3814000 034
                  DO CTY PAY SHELLY CHAPMAN $37.50
001 022406        HEARING HELD                               3814000 034
                  NO FURTHER ACTION TAKEN AT THIS TIME.
001 022206        AFFIDAVIT                                          034
                  OF CRT REPORTER SHELLY CHAPMAN RE:BOE
001 012006 D01 MOTION FOR DISMISSAL           022406 09:00         034
002 012006        MOTION DENIED                             3814000 034
                  TO RECONSIDER THE CRT DECISION 121605
003 012006        MOTION DENIED                             3814000 034
                  TO HAVE JDG ASHFORD RECUSE HIMSELF.
001 010306 P01 AFFIDAVIT                                           034
001 122805 P01 AFFIDAVIT IN SUPPORT OF APPLICATION                034
002 122805 P01 AMENDED PETITION                                   034
001 122205 P01 MOTION                                             034
                  RE: RECONSIDER
002 122205 P01 MOTION                                             034
                  TO RECONSIDER
003 122205 P01 PRAECIPE FOR BILL OF EXCEPTIONS                    034
004 122205 P01 MOTION                                             034
DEPRESS "ENTER"           TO CONTINUE EVENTS
```

```
BCE 1054729                                                    PAGE 003
    DATE PRIN     EVENT DESCRIPTION              CALENDARED JRL/MFM
                  FOR CONDITIONAL RECUSAL
001 121605        LETTER ATTY                                      034
                  RE: DOCKET ENTRY
002 121605        MOT. TO MAKE MORE DEF. AND CERTAIN SU   3814000 034
                  PLTF MO FOR SANCTIONS DENIED. DEFT 30
                  DAYS TO PLEAD
003 121605        CERTIFICATE OF READINESS STRICKEN       3814000 034
004 121605        ORDER EXCUSING CERTIFICATE      061606   3814000 034
001 120105 P01 MOTION TO STRIKE                                    034
                  AND HOLD DFNT'S ATTY WILLIAM LAMSON
                  IN CONTEMPT
002 120105 D01 OBJECTIONS TO CERT. OF READINESS #8  121605 09:00   034
                  BY UNION PACIFIC RAILROAD COMPANY
001 111605 P01 REPLY                                               034
002 111605 P01 MOTION AND NOTICE OF HEARING                        034
                  TO HOLD IN CONTEMPT OF SANCTIONS
003 111605 P01 NOTICE                                              034
                  ELECTION NUC PRO TUNC
001 111405        CERTIFICATE OF READINESS -JURY 102018            034
001 110305 D01 MOTION AND NOTICE OF HEARING #8     121605 09:00    034
                  FOR MORE DEFINITE STATEMENT
    DEPRESS "ENTER"              TO CONTINUE EVENTS
```

```
BCE 1054729                                               PAGE 004
    DATE PRIN      EVENT DESCRIPTION            CALENDARED JRL/MFM
001 101705      SHERIFF'S RETURN 542474                       034
                SUMS; SRVD 101305 ON DEFT BY LEAVING
                WITH DONNA COLTRANE
001 100705      ORDER TO PROCEED IN FORMA PAUPERIS   3820000 032
001 100605 P01 PETITION 200036                                034
003 100605 P01 AFFIDAVIT TO PROCEED IN FORMA PAUPERI          034
```

Nebraska District Court Douglas County

DOC. 1054 PG 729

Jerome Davis,

Plaintiff

Vs.

Union Pacific Railroad Company,
Aaron Ferer & Sons

Defendants

FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
OCT 0 6 2005
RUDY J. TESAR
CLERK DISTRICT COURT

Civil Action for Negligent
Assault, Bodily Contamination
Lead Poisoning, & Motion to
Proceed forma Pauperis
& Praecipe

Assigned to Judge Ashford

Factual Basis

We request 2,500,000.00 damages for negligence, assault bodily
contamination lead poisoning by defendants, & in support
we direct court's attention to the annexed 5-10-05 article in
Omaha World Herald newspaper where it is reported
that a federal estimate of the number of children in Eastern
Omaha (1600) who may have had harmful amounts of lead in their
bodies during "3½ period" "that lead is serious public health problem
in Eastern Omaha & that on Monday the federal agency for
Toxic Substance assessment of Omaha lead problems" the assessment
released Monday stands by the U.S. Environment Protection Agency's
conclusion that the former Asarco refinery, is one of the main
sources of lead in Omaha soil" Union Pacific (Railroad) owned
land where Asarco operated, making them liable by E.P.A." the rest
of such article is incorporated by reference & annexed hereto we
give court to understand that we was raised in the area-



of North Omaha East of 45th Street - North of L. Street, - & South of Ames, from 1977 at Birth, to 1997. Court is to understand that we are in the penitentiary as we write, as lead poisoning arrested our mental development, caused cancer, (Wilmes tumor & removal of left kidney) lowered intelligence, cognitive skills, caused me to sweat profusely, suffer spliting headaches, panic attacks, & increases chance of cancer.

Petitioner is a pauperis & does pray to proceed in forma pauperis in support whereof he annexes his poverty affidavit hereto.

Praecipe for Summons

To Clerk of Court

Issue summons to Union Pacific Railroad & have sheriff serve them at their office in Union Pacific Square in Omaha, Nebraska.

Jerome Jones # 61235
P.O. Box 2500
Lincoln, Ne 68542-2500

542474

IN THE DISTRICT COURT, DOUGLAS COUNTY, NEBRASKA

Jerome Davis

vs.

Union Pacific Railroad Company, Aaron Ferer & Sons

---

SUMMONS (L & E)                                   DOC. 1054 NO. 729

---

STATE OF NEBRASKA )
COUNTY OF DOUGLAS )

J.K.P.

This is to notify Union Pacific Railroad Company
                    (Impleaded with other)   .

OCT 1 3 2005

Defendant that you have been sued by Jerome Davis


Plaintiff in the District Court of said County, and that in order to defend
the lawsuit you must file an appropriate written response on or before
thirty days after service of Summons and Complaint in answer to the
Complaint said Plaintiff filed against you in the Office of the Clerk of
said Court or such Complaint will be taken as true and judgment entered
accordingly for the relief demanded in the attached Complaint.

        THE SHERIFF will make due return of this Summons within twenty
days after the date of issue set out below.

        WITNESS my signature and the Seal of said Court at Omaha and
issued this 6th day of October, 2005.


                                RUDY J. TESAR, CLERK

                                BY: _____
                                    Deputy


PLAINTIFF PRO SE:
NAME:      Jerome Davis  IFP
ADDRESS:   PO Box 2500
           Lincoln, NE 68542

PHONE:

I hereby certify that this is a true
copy of the original writ with all
the endorsements thereon,
        TIMOTHY F. DUNNING
                Sheriff

By _____

In The Douglas County District Court, Nebraska

Jerome Davis,                    Case # 1054 Pg. 729
              Plaintiff


FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
DEC 2 8 2009
RUDY J. TESAR
CLERK DISTRICT COURT

1.
U.P.R.C.                         Amended Complaint &
et al,                           Affidavit
              Defendants,

We the plaintiff now request $10,000,000 damages for negligence, irreversible bodily injuries such as cancer, physical arrested development, mental ~~illness~~ diminished intellectual capacity by contamination as a child by lead poisoning by defendants. As said by the (E.P.A.) Eastern Nebraska within Omaha has been declared by our Federal Government as a Superfund site due to lead contamination. Through the public domain such as the E.P.A., Union Pacific Railroad Company, Aaron Ferer & Sons, & another said party are all liable for this said lead contamination. As early as 1871 a company named A.S.A.R.C.O owned by Union Pacific was contaminating the Superfund Site Area, then another refinary company "Aaron Ferer & Sons" both Omaha Corporations. As a result of the said contamination, the affiant as of birth in 1977 at Emmanuel Hospital & at 6 yrs. old did suffer cancer & removal of kidney (left), chemo & radiation therapy, mental diminished intellectual capacity, & arrested physical development all proven by Center of Disease Control, & Agency for Toxic & Disease Registry with scientific evidence. Being exposed to known carcinogens within the lead in the soil of the Omaha, Nebraska Superfund

①

Site did cause Affiant irreversible injuries by the negligence of the defendants. Affiant did attend public schools as a child to Jr. high school & then due to diminished intellecual capacity Affiants behavior & cognitive skills declined from this lead poison which we dignt have awareness of the defensants negligence & violations. The wilmes tumor cancer was a unknown cancer that attacked my left kidney from Affiant digesting soil that he did ingest. Immanuel Hospital is where the operation on Affiant was performed & Clarkson Hospital is where the chemo-therapy was conducted. The Federal Government has named defendants as liable parties (meaning the Environmental Protection Agency of the United States of America) said that defensants are "liable" for the lead poisoning contamination of the Omaha, Nebraska Superfund Site which cause Affiant injuries that's indeed deemed irreversible. Due to the defendant & other parties negligences & liability Affiant is entitled by law a U.S. supreme court decision which states: Unless ~~you cant prove~~ your case with substancial evidence or facts, the judge must allow you to proceed. Therefore we pray that the court will allow us the opportunity to present our facts of complaint & grant us relief for the damages & personal injuries suffered by the defendants that are irreversible.

Respectfully Submitted
on the 16th day of December 2005.

BY: _Jump Day_ #61935
P.O. Box 2500
Lincoln, Ne. 68542-2500

②

See attached affidavit in support of Amended Complaint by Jerome Davis.


CERTIFICATE OF SERVICE

I hereby certify that I sent a true & accurate document. Sent to Defendants Anastasia Wagner at 10306 Regency Parkway Dr. Omaha Ne. 68114-3743 by U.S. first class mail on this 16th day of December.

# The District Court of Nebraska

**FOURTH JUDICIAL DISTRICT**
ADMINISTRATOR DOUG JOHNSON, HALL OF JUSTICE
OMAHA NEBRASKA 68183



RECEIVED JUL 1 1 2006
OFFICE OF COURT ADMINISTRATOR

402-444-7004
FAX: 402-444-4550

JULY 10, 2006

WILLIAM M. LAMSON, JR.
10306 REGENCY PARKWAY DR.
OMAHA, NEBRASKA                68114


DAVIS, JEROME
           VS
UNION PACIFIC RAILROAD COMPANY

RE:    Docket    1054    Page    729

Dear Counselor:

Rule 4-10(A) of the Rules of Practice of the District Court for the Fourth Judicial District, regarding Case Progression Standards, requires that cases, appeals, and post-judgment proceedings filed in the District Court be processed in a timely and efficient manner.

Court records reflect that the above-captioned case, appeal, or post-judgment proceeding, assigned to the Honorable, W. MARK ASHFORD                has been on file in the District Court of Douglas County, Nebraska, for more than 275 days and has not been certified as ready for trial or hearing, or otherwise disposed of.

You are hereby notified that, pursuant to Rule 4-10(A), the above-captioned case, appeal, or post-judgment proceeding will be dismissed by the Court for lack of prosecution unless, within thirty (30) days from the date of this notice, either (a) the case, appeal, or post-judgment proceeding is certified as ready for trial or hearing or (b) the Court by order excuses filing of the certificate within that time.


COURT ADMINISTRATOR

C087 - Rev. 9/98

COURT COPY

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

'RECEIVED AUG 1 6 2006

DOCKET 1054 PAGE 729

PLAINTIFF: DAVIS, JEROME
                VS
DEFENDANT: UNION PACIFIC RAILROAD COMPANY

FOLLOWING PARTIES OR ATTORNEYS OF RECORD HAVE BEEN NOTIFIED

THAT IN THE ABOVE ENTITLED CASE, ON THE 10TH DAY OF AUGUST 2006,

THE FOLLOWING DECISION WAS RENDERED:

CASE DISMISSED-PROGRESSION LETTER

DATED THIS 10TH DAY OF AUGUST 2006.

RUDY J. TESAR
CLERK OF THE DISTRICT COURT

PRO SE

WILLIAM M. LAMSON, JR.
10306 REGENCY PARKWAY DR.
OMAHA, NEBRASKA          68114

ANATASIA WAGNER
10306 REGENCY PKWY DR
OMAHA, NE   68114

# EXHIBIT D



Slip Copy                                                                 Page 1

Slip Copy, 2006 WL 1049715 (N.D.Ill.)
**(Cite as: Slip Copy)**

**C**
Briefs and Other Related Documents
Only the Westlaw citation is currently available
   United States District Court,N.D. Illinois,Eastern
                         Division.
   Marie PETERSEN, Special Administrator, of the
   Estates of Jane Ann McGrath, deceased, and Molly
   Morgan, deceased; Jon Petersen, as father and next
   friend of Katie Petersen, a minor; and Steven M.
       Walters and Gayla J. Walters, Plaintiffs,
                           v.
   UNION PACIFIC RAILROAD COMPANY, a
           Corporation, Defendants.
   **Nos. 04 C 5918, 04 C 5949, 04 C 6032, 05 C 6263.**

                   April 19, 2006.

Mark Peter Sutter, Attorney at Law, Alex D. Abate,
Sutter & Ori, LLC, Donald John Angelini, Jr.,
Angelini and Angelini, Robert J. Bingle, Corboy &
Demetrio, Chicago, IL, Carl E. Kasten, Joshua A.
Meyer, Phelps, Kasten, Ruyle, Burns, Sims &
Meyer, P.C., Carlinville, IL., for Plaintiffs.
Joseph B. Ori, Sutter & Ori, Chicago, IL.
George H. Brant, Thomas William Cushing, Union
Pacific Railroad Company, Chicago, IL, for
Defendants

   *MEMORANDUM OPINION AND ORDER*
VIRGINIA M. KENDALL, Judge
**\*1** Plaintiffs bring this action for damages caused
when the motor vehicle in which they were
traveling collided with a Union Pacific train. The
collision occurred in Carlinville, Macoupin County,
Illinois, at the Cisco Road railroad grade crossing
The collision resulted in the deaths of Jane Ann
McGrath and Molly Morgan and serious injuries to
the other occupants of the automobile. Plaintiffs
originally filed their suits separately in the Circuit
Court of Cook County, Illinois. Defendant Union
Pacific Railroad Company ("Defendant" or "Union
Pacific") removed these cases to the United States
District Court for the Northern District of Illinois

and the actions were consolidated. Union Pacific
now moves this Court, pursuant to 28 U.S.C. §
1404(a), to transfer the consolidated cases to the
United States District Court for the Central District
of Illinois, Springfield Division-the district where
the collision occurred. For the convenience of the
parties and witnesses and in the interest of justice,
this Court grants Union Pacific's Motion to Transfer
Venue.

                    **DISCUSSION**

Transfer of venue is governed by 28 U.S.C. §
1404(a), which provides that "[f]or the convenience
of the parties and witnesses, in the interest of
justice, a district court may transfer any civil action
to any other district where it might have been
brought." The parties agree that this action may
have been brought in the Central District of Illinois.
Thus, the question before the Court is whether
transferring this case would increase the
convenience of the parties and witnesses and
advance the interests of justice. *Coffey v. Van Dorn
Iron Works,* 796 F.2d 217, 219 (7th Cir.1986)

The factors this Court will consider in determining
whether the action should be transferred for the
convenience of the parties and witnesses and in the
interest of justice include "the relative ease of
access to sources of proof; availability of
compulsory process for attendance of unwilling,
and the cost of obtaining attendance of willing,
witnesses; possibility of view of premises, if view
would be appropriate to the action; and all other
practical problems that make trial of a case easy,
expeditious and inexpensive." *Gulf Oil,* 330 U.S. at
508; *see Coffey,* 796 F.2d at 219 n. 3 (stating that
the three statutory factors are placeholders for
larger considerations). This Court is vested with a
great deal of discretion in weighing these factors
and the decision to transfer must be made on a
case-by-case basis. *Coffey,* 796 F.2d at 219.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                   Page 2

Slip Copy, 2006 WL 1049715 (N.D.Ill.)
**(Cite as: Slip Copy)**

The parties debate the amount of deference to be afforded Plaintiffs' choice of forum. Only point should be certain, the party seeking transfer bears the burden of proving that the alternate forum is more convenient and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum is rarely disturbed." *In re National Presto Industries, Inc,* 347 F.3d 662, 664-65 (7th Cir.2003) (most recent case commenting on consideration given to plaintiff's choice of forum under § 1404(a)), quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 837 (1947). Yet, even this certain point is tempered with caution, " [r]arely, however, is not never." *Id.* at 665.

**\*2** The district court here has fueled the debate through its varying statements regarding deference to a plaintiff's choice of forum. Compare the two most recent cases from this Court: *Fidelity & Deposit Co. of Maryland v. Advance Indus. Const., LLC,* 2006 WL 752943, \*2 (N.D.Ill. Mar. 21, 2006) ("In considering whether to transfer an action, the court should afford some consideration to the plaintiff's choice of forum") with *Hyman v. Hill & Associates,* 2006 WL 328260, \*2 (N.D.Ill. Feb. 9, 2006) ("A plaintiff's choice of forum is generally given substantial weight under § 1404(a)"). Two factors often affecting the level of deference afforded a plaintiff's choice of forum are: (1) whether he filed in his home forum, and (2) whether the conduct giving rise to plaintiff's cause of action occurred in the forum. *See, e.g., Bankers Life and Cas. Co. v. Case,* 2005 WL 3542523, \*2 (N.D.Ill.Dec. 23, 2005).

The debate over the level of deference to apply to a plaintiffs' choice of forum is largely superfluous, however. The plaintiff's home forum and the location of the conduct giving rise to the cause of action are subsumed in the § 1404(a) factors relevant to transfer. Whether the plaintiff filed in his home forum, for example, will be calculated into the convenience of the parties and witnesses as well as create a relationship between the forum and the cause of action. In the same way, the location of the conduct giving rise to the cause of action necessarily will bear on the sources of proof, the applicable law, the location of witnesses and the relationship of the forum to the cause of action.

Thus, while this Court affords Plaintiffs' choice of forum deference in that the case will not be transferred "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum is rarely disturbed," the relevance of Plaintiffs' home forum and whether the occurrence giving rise to the cause of action took place in Plaintiffs' chosen forum are better considered in the context of the § 1404(a) factors themselves, rather than through an esoteric level of deference.

### I. Convenience of the Parties

Five of the seven plaintiffs-Marie Petersen, Jon Petersen, Katie Petersen as well as the decedents Jane McGrath and Molly Morgan-reside in the Northern District of Illinois. The other two plaintiffs, Steven and Gayla Walters, reside in Carlinville, which is located in the Central District of Illinois. Defendant Union Pacific is a national company incorporated in Delaware, with its principal place of business in Omaha, Nebraska. The attorneys for both parties are located in Chicago. Thus, regardless of which court this case proceeds in, the attorneys will be forced to travel to central Illinois to conduct discovery. Given that most of the Plaintiffs, their attorneys and Defendant's attorneys reside in the Northern District of Illinois, the convenience of the parties does not weigh in favor of transfer.

### I. Convenience of the Witnesses

**\*3** Courts generally assume that a party or its employees will testify voluntarily at trial. *FUL Inc. v. Unified Sch. Dist. No. 204,* 839 F.Supp. 1307, 1311 (N.D.Ill.1993) (noting that corporate employees have sufficient motivation to testify). On the other hand, issues related to non-party witnesses implicate aspects of each of the § 1404(a) factors. The cost of obtaining attendance of willing witnesses involves the convenience of the parties; the need for such witnesses to travel to the courthouse to testify relates to the convenience of the witnesses; and finally, the availability of compulsory process for attendance of unwilling witnesses speaks to the interest in justice.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                      Page 3

Slip Copy, 2006 WL 1049715 (N.D.Ill.)
**(Cite as: Slip Copy)**

In this case, the majority of non-party witnesses reside in the Carlinville area and elsewhere in the Central District of Illinois. The federal courthouse in Chicago is located approximately 230 miles from the scene of the collision in Carlinville, Illinois, while the courthouse in Springfield is about 46 miles away. Because Rule 45 of the Federal Rules of Civil Procedure allows the parties to conduct their discovery and depositions of non-party witnesses throughout the country, *see Sky Valley Ltd Partnership v ATX Sky Valley, Ltd,* 776 F.Supp. 1271, 1276 (N.D.Ill.1991), the Court's concern is that important non-party witnesses may be available to testify at trial due to cost or inconvenience, thereby resulting in trial by deposition. *See Bally Mfg Corp v Kane,* 698 F.Supp. 734, 738 (N.D.Ill.1998).

Union Pacific has attached to its Motion to Transfer witness statements and affidavits, notes taken from witness interviews, and various reports from state and local agencies regarding the collision. *See Heller Financial, Inc v Midwhey Powder Co, Inc,* 883 F.2d 1286, 1293-94 (7th Cir.1989) (suggesting moving party should supply "affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of their testimony"). In these materials, Union Pacific identifies more than 20 individuals located at the vicinity of the collision that were either present at the time of the collision or arrived shortly after the occurrence; as well as a dozen or so non-party witnesses familiar with the operation of the Cisco Road railway crossing. *See Moore v AT & T Latin America Corp,* 177 F.Supp. 785, 590 (N.D.Ill.2001) (holding that testimony must be identified with more than vague generalizations). While many of these individuals are Union Pacific employees, a significant number of them are not. Union Pacific also points to Plaintiffs' interrogatory answers, wherein Plaintiffs identify ten physicians in Springfield and the nearby area that administered treatment to Plaintiffs following the collision. Comparatively few witnesses are located nearer the federal courthouse in Chicago. These witnesses would include three of the Plaintiffs, friends and family members of Plaintiffs and Plaintiffs' treating physicians. While this Court is not willing merely to shift the inconvenience from Defendant to Plaintiffs, the convenience of these non-party witnesses and their potential unavailability is a significant factor weighing in favor of transfer. *See Dairy Indus. Supply Ass'n v. LaBuy,* 207 F.2d 554, 558 (7th Cir.1953) (holding that transfer must increase convenience not merely shift the inconvenience to the plaintiffs or their witnesses).

**\*4** In reaching this conclusion, the Court is not only considering the quantity of witnesses in each forum, but also the nature of their testimony. *See FUL Inc.,* 839 F.Supp. at 1311; *Bally Mfg Corp,* 698 F.Supp. at 738. All of the occurrence witnesses, including two of the seven Plaintiffs, state and local investigative personnel, and other individuals familiar with the operation of the Cisco Road crossing are located in central Illinois. The issuance of subpoenas for the depositions of these non-parties must be done through the District Court for the Central District of Illinois regardless of whether the case is transferred. *See* Fed.R.Civ.P. 45(a)(2); (c)(3)(A)(ii). And although this Court could compel the attendance of these non-party witnesses at trial, it will be more convenient for them, and involve less cost for the parties, for them to testify in Springfield than in Chicago. *See* Fed.R.Civ.P. 45(c)(3)(A)(ii) ("[A] person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held"); *Sky Valley,* 776 F.Supp. at 1277 ("[C]ourts will first look to see whether the non-party witnesses reside within the subpoena power of either the transferor or transferee court"). Unless other considerations made in the interest of justice counsel otherwise, this case should be transferred to prevent unnecessary costs to the parties and inconvenience to the non-party witnesses. *See Coffey,* 796 F.2d at 220 ("The 'interest of justice' is a separate component of a § 1404(a) transfer analysis and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result.") (internal citations omitted).

### III. In the Interest of Justice

The interest of justice component focuses on the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                              Page 4

Slip Copy, 2006 WL 1049715 (N.D.Ill.)
**(Cite as: Slip Copy)**

efficient and fair administration of the courts more than on the interests of the litigants themselves. *See Coffey,* 796 F.2d at 220-21. Relevant to this component is the relative speed with which the case will get to trial, having a judge familiar with the applicable law try the case, the relationship of the parties and claims to the forum and access to sources of proof including the possibility of viewing the premises. *See Heller,* 883 F.2d at 1293; *Zalutsky, Pinski & DiGiacomo, Ltd v. Kleinman,* 747 F.Supp. 457, 462-63 (N.D.Ill.1990). All of these factors are either break even or point towards transferring this matter to the Central District of Illinois.

First, Plaintiffs' claims are brought under Illinois law. Both this Court and the proposed transferee court are located in Illinois and regularly apply Illinois law in diversity actions. Next, there is no substantial difference in the efficiencies of the two courts. According to Federal Judicial Caseload statistics compiled by the Administrative Office of the U.S. District Court, during the 12-month period ending March 31, 2005, the median time from case filing to trial in the Northern District is 24 months; in the Central District it is 26 months. Thus, neither of these first two factors support the transfer of the case to the Central District of Illinois.

*5 Regarding the allocation of judicial resources, the residents of the Central District of Illinois have a greater interest in resolving this controversy than the people of the Northern District of Illinois. *See Coffey,* 796 F.2d at 221 n. 4 (stating that the court should consider the relative interest of residents in each district). While five of the seven individuals involved in the instant collision were from Chicago, the safety of the Cisco Road railroad crossing will be of greater concern to the residents in the vicinity of the accident than those living in Chicago. *See Dunn v. Soo Line Railroad Company,* 864 F.Supp. 64, 66-67 (N.D.Ill.1994) (holding that residents of forum where accident occurred had greater interest than forum where plaintiff resided).

Finally, because the collision between Plaintiffs' vehicle and the Union Pacific train occurred in Carlinville, Illinois, most, if not all, of the proof necessary for this case is located in the vicinity of

Carlinville in the Central District of Illinois. Although not likely, this proof could include an in-person view of the premises by the jury. The in the interest of justice component reinforces this Court's judgment that this matter should be transferred to the Central District of Illinois.

### Conclusion and Order

The evidence available, including discovery conduct to date, demonstrates that the majority of proof, in terms of quantity and quality, is located in the Central District of Illinois. Of particular import, the affidavits and other submissions by Union Pacific demonstrate that the majority of non-party witnesses are located in the vicinity of Carlinville or Springfield, in the Central District. After carefully reviewing and weighing all of the evidence in light of the § 1404(a) factors, the Court in its discretion finds that the balance is strongly in favor of transfer. Accordingly, for the convenience of the parties and the witnesses and in the interest of justice, Union Pacific's Motion to Transfer Venue is granted and this consolidated action is ordered transferred to the Central District of Illinois for all further proceedings.

So ordered.

N.D.Ill.,2006.
Petersen v. Union Pacific R. Co.
Slip Copy, 2006 WL 1049715 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 2612001 (Trial Motion, Memorandum and Affidavit) Defendant Union Pacific Railroad Company'S Opposition to Third-Party Counter-Plaintiff'S Motion to Convert Third-Party Counterclaim to Underlying Claim (Aug. 4, 2005) Original Image of this Document (PDF)
• 1:04cv05918 (Docket) (Sep. 9, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT E



181 Fed Appx 272                                                                                    Page 1

181 Fed.Appx. 272, 2006 WL 1438740 (C.A.3 (Pa.))
**(Cite as: 181 Fed.Appx. 272)**

**H**
Briefs and Other Related Documents
This case was not selected for publication in the
Federal Reporter NOT PRECEDENTIAL. Please
use FIND to look at the applicable circuit court rule
before citing this opinion. Third Circuit Local
Appellate Rule 28.3(a) and Internal Operating
Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3
IOP APP I 5.3.)
United States Court of Appeals, Third Circuit.
Betty J. BLUE, Appellant
v.
DEFENSE LOGISTICS AGENCY, Defense
Personnel Support Ctr. DLA/DSCP.
No. 05-3585.

Submitted Under Third Circuit LAR 34.1(a) May
22, 2006.
Filed May 24, 2006.

**Background:** African-American female employee
filed Title VII employment discrimination action
pro se, alleging that her federal employer
discriminated against her on the basis of her race
and sex. Employee also sought class certification to
represent 500 African-American women employees.
The United States District Court for the Eastern
District of Pennsylvania, John P. Fullam, Sr. J.,
2005 WL 1655883, granted employer's motion for
summary judgment, and employee appealed.

**Holdings:** The Court of Appeals held that:

(1) employee did not establish prima facie case of
discrimination under Title VII, and

(2) denial of class certification was not an abuse of
discretion.

Affirmed.

West Headnotes

**[1] Civil Rights 78 ☞1548**

78 Civil Rights
    78IV Remedies Under Federal Employment
Discrimination Statutes
        78k1543 Weight and Sufficiency of Evidence
            78k1548 k. Promotion or Transfer. Most
Cited Cases

**Civil Rights 78 ☞1549**

78 Civil Rights
    78IV Remedies Under Federal Employment
Discrimination Statutes
        78k1543 Weight and Sufficiency of Evidence
            78k1549 k. Sex Discrimination. Most
Cited Cases
Although African-American female employee was a
member of a protected class and was not promoted
to a position for which she was qualified, she did
not establish prima facie case of discrimination
under Title VII since she failed to show that
similarly situated non-class members were treated
more favorably; statistical reports in employee's
pleadings did not refer to the particular position she
applied for and did not show the racial or gender
composition of the applicant pool or the race or
gender of the successful applicants for the position.
Civil Rights Act of 1964, § 703(a)(1), 42 U.S.C.A. §
2000e-2(a)(1).

**[2] Federal Civil Procedure 170A ☞184.10**

170A Federal Civil Procedure
    170AII Parties
        170AII(D) Class Actions
            170AII(D)3 Particular Classes Represented
                170Ak184 Employees
                    170Ak184.10 k. Discrimination and
Civil Rights Actions in General. Most Cited Cases
As a pro se plaintiff, African-American female
employee could not adequately represent the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

181 Fed.Appx. 272                                                                Page 2

181 Fed.Appx. 272, 2006 WL 1438740 (C.A.3 (Pa.))
**(Cite as: 181 Fed.Appx. 272)**

interests of other class members in Title VII discrimination suit, and therefore court's denial of class certification was not an abuse of discretion. Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.; Fed.Rules Civ.Proc.Rule 23(a), 28 U.S.C.A.

**[3] Federal Civil Procedure 170A ⟜839.1**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
     170AVII(E) Amendments
      170Ak839 Complaint
       170Ak839.1 k. In General. Most Cited Cases
Amendment of Title VII complaint by replacing name of employing federal agency with name of department head as sole defendant was not an abuse of discretion. Civil Rights Act of 1964, § 717(c), 42 U.S.C.A. § 2000e-16(c).

**\*272** On appeal from the United States District Court for the Eastern District of Pennsylvania, (E.D.Pa.Civ. No. 04-cv-2210), District Judge: Honorable John P. Fullam, Sr.

Betty J. Blue, Philadelphia, PA, pro se.
Annetta F. Givhan, Office of United States Attorney, Philadelphia, PA, for Appellees.

Before McKEE, FUENTES and NYGAARD, Circuit Judges.

OPINION OF THE COURT
PER CURIAM.
**\*\*1** Betty J. Blue filed this Title VII employment discrimination action *pro se,* alleging that her employer, Defense Logistics Agency/Defense Personnel Support Center ("DLA/DPSC") [FN1], discriminated against her on the basis of her race and sex. At the time she filed her administrative complaint with the EEOC, Blue, who is African-American, was a Contract Specialist GS-11 and had worked for DLA/DPSC for over twenty years. In her complaint, Blue alleges that she responded to a job announcement for a Contract Specialist GS-12 in March 1999, and that, despite her qualifications, she was not selected after her

interview. Blue also seeks class certification to represent 500 African-American women employees of DLA/DPSC occupying positions graded as GS-6 through GS-12.

     FN1. DLA/DPSC is a buying activity of the Department of Defense, which purchases clothing, medical supplies, food and other items for the United States' military world wide.

The District Court granted Appellee's motion for summary judgment, holding that Blue had failed to establish a prima facie case of discrimination under Title VII, because she presented no evidence that non-class members in substantially similar situations were promoted. Blue filed a motion for reconsideration of that order, which the District Court denied. Blue timely filed this appeal from both of the District Court's orders, again proceeding *pro se.* In her brief on appeal, Blue raises four issues, which we will address in turn.

Blue first challenges the District Court's grant of summary judgment to Appellee. Our review of the District Court's grant of summary judgment is plenary, and we apply the same legal standard used by the District Court, viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor. *See Pacitti v. Macy's,* 193 F.3d 766, 772 (3d Cir.1999). After reviewing the record, we agree with the District Court that Blue has not made out a prima facie case of discrimination and that Appellee thus was entitled to summary judgment.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ..." 42 U.S.C. § 2000e-2(a)(1). Title VII's protections were extended to federal government employees in 1972 by the passage of the Equal Employment Opportunity Act. Title VII is the exclusive remedy for federal employees bringing employment

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

181 Fed.Appx. 272                                                                    Page 3

181 Fed.Appx. 272, 2006 WL 1438740 (C.A.3 (Pa.))
**(Cite as: 181 Fed.Appx. 272)**

discrimination claims. *Brown v. Gen. Services Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). In order to show discrimination under Title VII, a plaintiff must first establish a prima facie case by a preponderance of the evidence. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 252-53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). To establish a prima facie case for discriminatory non-promotion using indirect evidence, a plaintiff must show that she is a member of protected class; that she was qualified for, applied for, and rejected for a position; and that non-members of the protected class were treated more favorably. *See McDonnell Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *274Bennun v. Rutgers State Univ.,* 941 F.2d 154, 170 (3d Cir.1991) (internal citations omitted). If the employee plaintiff cannot make this showing, the employer is entitled to judgment as a matter of law. *Pivirotto v. Innovative Systems, Inc.,* 191 F.3d 344, 352 n. 4 (3d Cir.1999).

**2 [1] We agree with the District Court that, although Blue fulfills the first two requirements for a prima facie case, as she is a member of a protected class and she was not promoted to a position for which she was qualified, she has not provided sufficient facts to meet the third requirement of the test-that similarly situated non-class members were treated more favorably.[FN2] Blue thus has failed to establish the required " causal nexus between [her] membership in a protected class and the decision not to [promote her]." *See Sarullo v. United States Postal Service,* 352 F.3d 789, 798 (3d Cir.2003).

> FN2. Blue is not required to demonstrate that the position she sought was filled by a non-class member in order to establish a prima facie case *See Pivirotto,* 191 F.3d at 352. *See also O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 311-12, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) Therefore, contrary to Appellee's argument and the District Court's implication, Blue's statement that one of the selectees for the position was a "Black female," while not supportive of her claim, is not dispositive

on the question of discrimination.

In support of her summary judgment motion, Blue submitted excerpts from a presentation made at the NAACP Federal Sector Task Force Breakfast in October 1998, which included statistics related to the overall racial composition of the workforce at DLA/ DSCP in the 1990's. Although statistical evidence can be used to prove employment discrimination, it is not irrefutable, and its usefulness "depends on all of the surrounding facts and circumstances." *Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 339-40, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). In order to be useful in establishing a prima facie case, statistics must assist the plaintiff in proving discrimination in her particular case. *Krodel v. Young,* 748 F.2d 701, 710 (D.C.Cir.1984).

The statistical reports in Blue's pleadings do not refer to the particular Contract Specialist position she applied for in 1999. Neither do they show the racial or gender composition of the applicant pool or the race or gender of the successful applicants for the position. Blue's statistics are too general to be relevant or useful in establishing a prima facie case of discrimination. *See e.g., Ezold v. Wolf, Block, Schorr and Solis-Cohen,* 983 F.2d 509, 542-43 (3d Cir.1992) (statistical evidence too general to establish pretext); *Molthan v. Temple Univ. of Com. System of Higher Educ.,* 778 F.2d 955, 963 (3d Cir.1985) (same). In sum, Blue's evidence does not create an inference that her non-selection in 1999 was based on a discriminatory reason. *See Teamsters,* 431 U.S. at 358, 97 S.Ct. 1843.

Blue's second challenge on appeal is to the District Court's denial of class certification. We review a decision granting or denying class certification for abuse of discretion. *In re LifeUSA Holding Inc.,* 242 F.3d 136, 143 (3d Cir.2001). An abuse of discretion is found if the District Court's decision " rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *In re General Motors Corp. Pick Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 783 (3d Cir.1995) (citations and quotations omitted). Although a court should be cautious in making a class certification decision based on its

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

181 Fed.Appx. 272                                                                                    Page 4

181 Fed.Appx. 272, 2006 WL 1438740 (C.A.3 (Pa.))
**(Cite as: 181 Fed.Appx. 272)**

own impression of the merits of a case, some inquiry into the factual and legal issues underlying a plaintiff's cause of action is usually necessary. **\*275** *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 259 F.3d 154, 166-67 (3d Cir.2001).

**\*\*3** Four prerequisites must be met to obtain certification of a class: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed.R.Civ.P. 23(a). A district court can only certify a class if *all four* requirements of Rule 23(a) are met. *In re Prudential Ins. Co. of America Sales Practice Litigation,* 148 F.3d 283, 308-09 (3d Cir.1998).

[2] We agree with the District Court that Blue cannot fulfill the requirements of Rule 23(a). Even if we were to accept Blue's argument that the first three requirements (numerosity, commonality, and typicality) are met, as a *pro se* plaintiff, she cannot adequately represent the interests of other class members. *See Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir.2000). *See also C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir.1987) (holding that a *pro se* litigant may not appear as an attorney for others). We further note that, even if Blue were represented by an attorney, she would not "possess the same interests and suffer the same injury" as the class she purports to represent, because she, herself, has not made a prima facie showing of discrimination. *See East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403-04, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). We agree with the District Court that it would be unfair to bind all of the potential class members to the outcome of Blue's case and, therefore, find no abuse of discretion in the District Court's denial of class certification.

[3] Blue next challenges the District Court's amendment of the caption of her complaint by replacing "Defense Logistics Agency/Defense Personnel Support Center" with "Secretary of the Department of Defense, Donald H. Rumsfeld," as

the sole defendant. The relevant statutory provision governing Title VII suits against the federal government requires that "the head of the department, agency, or unit, as appropriate, shall be the defendant." *See* 42 U.S.C. § 2000e-16(c). Blue argues that the caption change was erroneous, because her employer, Defense Logistics Agency, is the entity which allegedly engaged in the discriminatory conduct. Appellee argues that Donald Rumsfeld, as head of the Department of Defense, is the proper defendant. On its face, the statute accommodates both parties' interpretations, as it allows for the head of a department (such as the Department of Defense) *or* agency (such as Defense Logistics Agency) to be named as the defendant. We note that Blue's interpretation enjoys some support. *See e.g., Adams v. E.E.O.C.,* 932 F.Supp. 660, 664 n. 3 (E.D.Pa.1996) (Director of Defense Logistics Agency was the only proper defendant in a Title VII action); *Williams v. McCausland,* 791 F.Supp. 992, 997 (S.D.N.Y.1992) (same). We need not delve more deeply into this issue, however, as we conclude that the caption change was neither an abuse of discretion nor relevant to the outcome of Blue's case.

**\*\*4** Blue also challenges the District Court's denial of her motion for reconsideration. We review this order for abuse of discretion. *See Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See id.* The District Court properly denied Blue's motion. We agree that, aside from her new argument that the cases cited by Appellee were invalid because they were **\*276** " antiquated," Blue's motion did nothing more than restate her previous arguments.

Accordingly, we will affirm the judgment entered by the District Court.

C.A.3 (Pa.),2006.
Blue v. Defense Logistics Agency
181 Fed.Appx. 272, 2006 WL 1438740 (C.A.3 (Pa.))

Briefs and Other Related Documents (Back to top)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

181 Fed.Appx. 272                                                                Page 5

181 Fed.Appx. 272, 2006 WL 1438740 (C.A.3 (Pa.))
**(Cite as: 181 Fed.Appx. 272)**


• 05-3585 (Docket) (Aug. 4, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT F

*175 Fed. Appx. 552, \*; 2006 U.S. App. LEXIS 9287, \*\**

MALVERN L. **LEWIS,** Appellant v. **CITY OF TRENTON POLICE DEPARTMENT;** DOUGLAS PALMER, Mayor of Trenton; JAMES GOLDEN, Police Director; JOHN P. SCHROEDER, Detective Trenton Police Department; ATTORNEY GENERAL OF NEW JERSEY; DANIEL GIAQUINTO, Mercer County's Prosecutor's Office; KIMBERLY LACKEN, Asst. Prosecutor; KATHLEEN PATRUCCI, Asst. Prosecutor; THOMAS MEIDT; PETER VENIERO, Attorney General; JOHN FARMER, Attorney General; DAVID SAMPSON, Attorney General; PETER HARVEY, Attorney General; GERALD BOSWELL, Defense Pool Attorney Mercer County P.D.; ANTHONY RADICE, Trenton Municipal Court P.D.; EWING TOWNSHIP POLICE DEPARTMENT; JOHN DOE, Ewing Township Police Chief; ALVIN BRIDGES, Mayor Ewing Township; JOSEPH SMITH, Sgt. Ewing Township Police Department; RICHARD SMITH, PTLM. Ewing Township Police Dept., PAUL T. KOENIG, JR., J.S.C.; MARIA SYPEK, J.S.C.; TRENTONIAN NEWSPAPER, INC.; TRENTON TIMES NEWSPAPER; LISA MEYER, Writer Trenton Times Newspaper, Inc.; LINDA STEIN, Writer Trenton Times Newspaper, Inc.; MERCER COUNTY SHERIFF'S OFFICE; SAMUEL PLUMERI, JR., Sheriff Mercer County; C.J. WILLIAMS, Officer Mercer County Sheriff; NED SMITH, Capt. Detective Trenton Police Department; MICHAEL SALVATORE, Lt. Trenton Police Department; DOUGLAS RHINEHART, Juror; ALLEN HYMAN, Juror; VELDON HARRIS, Det. Mercer County Prosecutor's Office; PETER WEREMIJENKO, Sgt. Trenton Police Department; E. GONZALEZ, Sgt. Trenton Police Department; RICHARD OSVAI, Det. Trenton Police Department; DOULAS MORELAND, PTLM. Trenton Police Department; ROBERT O'HARE, PTLM. Trenton Police Department; M. GOYDAN, Trenton Police Department; CHARLES A. DELEHEY; PAUL MEYER, Deputy Chief Trenton Police Department; R. TRAMONTANA, Sgt. Trenton Police Department; ALVIN R. CADLETT, Det. Trenton Police Department; JOHN P. GARKOWSKI, New Jersey State Police; THOMAS KEYES, Det. New Jersey State Police; RAAFAT AHMED, Dr. Office Mercer County Medical Examiner; DENNIS SCHUSTER, Det. Trenton Police Department

NO. 05-4733

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

175 Fed. Appx. 552; 2006 U.S. App. LEXIS 9287

February 9, 2006, Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
April 12, 2006, Filed

**NOTICE: [\*\*1]** RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** On Appeal From the United States District Court For the District of New Jersey. (D.C. Civ. No. 04-cv-03240). District Judge: Garrett E. Brown, Jr. Lewis v. City of Trenton, 2005 U.S. Dist. LEXIS 23342 (D.N.J., Sept. 30, 2005)

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant prisoner sought review of the order of the United States District Court For the District of New Jersey, which dismissed his 42 U.S.C.S. § 1983 complaint against appellees, the police, a newspaper, and its writers, pursuant to 28 U.S.C.S. § 1915(e)(2).

**OVERVIEW:** The prisoner alleged that the police, the newspaper, and the writers violated his constitutional rights during his arrest and trial. The district court dismissed claims against the police as untimely and against the newspaper and the writers as frivolous. The prisoner appealed. The court dismissed the appeal as frivolous, pursuant to 28 U.S.C.S. § 1915(e)(2)(B), because it lacked an arguable basis in law or fact. The court held that the claims against the police were untimely. The court held that the district court did not err in dismissing the claims against the newspaper and the writers as frivolous because they were private parties and there was no indication that they acted under color of state law, as required by 42 U.S.C.S. § 1983. The court held that the prisoner, proceeding pro se, could not represent a putative class of prisoners and refused to consider his claim for a class certification order, which was raised for the first time on appeal. The court held that the district court did not err in failing to grant leave to amend because amendment would have been futile.

**OUTCOME:** The court dismissed the appeal and denied the request for a preliminary injunction.

**CORE TERMS:** pro se, newspaper, futile, preliminary injunction, constitutional rights, color of state law, frivolous, arguable

### LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Parties > Self-Representation > Sanctions 🔍

Civil Procedure > Appeals > Frivolous Appeals 🔍

> *HN1* ⚖ Where a prisoner has been granted leave to proceed in forma pauperis on appeal, the reviewing court must dismiss his appeal if it is "frivolous." 28 U.S.C.S. § 1915(e)(2)(B). A frivolous appeal has no arguable basis in law or fact.  More Like This Headnote

Civil Rights Law > Section 1983 Actions > Elements > Color of State Law > General Overview 🔍

> *HN2* ⚖ Essential to an action under 42 U.S.C.S. § 1983 are allegations that a person acting under color of state law engaged in conduct depriving a plaintiff of his constitutional rights.  More Like This Headnote

Civil Procedure > Parties > Self-Representation > Right to Self-Representation 🔍

Civil Procedure > Class Actions > Certification 🔍

Civil Procedure > Appeals > Standards of Review > Plain Error > General Overview 🔍

> *HN3* ⚖ A prisoner, who is proceeding pro se, may not represent a putative class of prisoners. Non-attorneys proceeding pro se cannot adequately represent a class. It is plain error

to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > Leave of Court 

HN4 ± Amendment must be permitted unless it would be inequitable or futile. More Like This Headnote

Civil Procedure > Remedies > Injunctions > Preliminary & Temporary Injunctions 

HN5 ± To obtain a preliminary injunction, a plaintiff must show both that he (1) is reasonably likely to succeed on the merits, and (2) will likely experience irreparable harm without the injunction. More Like This Headnote

**COUNSEL:** MALVERN L. LEWIS, Appellant, Pro se, Trenton, NJ.

For ATTY GEN NJ, PETER VENIERO, Attorney, JOHN FARMER, Attorney General, DAVID SAMPSON, Attorney General, PETER C. HARVEY, Attorney General, JOHN P. GARKOWSKI, New Jersey State Police, THOMAS KEYES, Det. New Jersey State Police, Appellees: Tamar L. Rudow, Office of Attorney General of New Jersey, Division of Law, Trenton, NJ.

**JUDGES:** BEFORE: ROTH, FUENTES and VAN ANTWERPEN, CIRCUIT JUDGES.

**OPINION:**

 **[*553]** PER CURIAM

On July 7, 2005, Malvern Lewis, a state prisoner proceeding pro se, filed the underlying complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey. In his complaint, Lewis alleged that the defendants violated his constitutional rights during his 2000 arrest and 2003 trial for first-degree murder. By order entered October 5, 2005, the **[**2]** District Court sua sponte dismissed Lewis' complaint pursuant to 28 U.S.C. § 1915(e)(2), finding his claims barred by either the applicable statute of limitations or Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). This timely appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. HN1 ✛ Because Lewis has been granted leave to proceed in forma pauperis on appeal, this Court must dismiss his appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B). A frivolous appeal has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). After a careful review of the record, we will dismiss this appeal as frivolous because Lewis' claims lack an arguable basis in law or fact.

We agree with the District Court that, with the exception of his claims against the Trentonian, the Trenton **[*554]** Times, Lisa Meyer, and Linda Stein (collectively, "the newspaper defendants"), Lewis' claims are either untimely or barred by Heck. n1 Moreover, we have little difficulty concluding that Lewis' claims against the newspaper defendants were also subject to dismissal **[**3]** for frivolousness. HN2 ✛ Essential to an action under § 1983 are allegations that a person acting under color of state law engaged in conduct

depriving a plaintiff of his constitutional rights. See <u>Angelico v. Lehigh Valley Hosp., Inc.,</u> <u>184 F.3d 268, 277 (3d Cir. 1999)</u>; <u>Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993)</u>. Because the newspaper defendants are private parties and there is simply no indication that they acted under color of state law, the District Court did not err in dismissing Lewis' claims against them.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 Moreover, insofar as Lewis is attempting to challenge the fact or duration of his conviction or sentence, a petition pursuant to <u>28 U.S.C. § 2254</u> is the exclusive method for seeking relief. See <u>Preiser v. Rodriguez, 411 U.S. 475, 488-90, 93 S. Ct. 1827, 36 L. Ed. 2d</u> <u>439 (1973)</u>.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

On appeal, Lewis argues that he is entitled to a class certification order. We need not consider this contention because Lewis raises it for the first time on appeal. **[**4]** See <u>Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994)</u>; <u>Frank v. Colt Indus., Inc.,</u> <u>910 F.2d 90, 100 (3d Cir. 1990)</u>. In any event, [HN3]Lewis, who is proceeding pro se, may not represent a putative class of prisoners. <u>Fymbo v. State Farm Fire & Cas. Co., 213 F.3d</u> <u>1320, 1321 (10th Cir. 2000)</u> (concluding that non-attorneys proceeding pro se cannot adequately represent a class); <u>Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)</u> ("It is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

Finally, we note that prior to dismissing Lewis' complaint pursuant to <u>§ 1915(e)</u>, the District Court did not grant him leave to amend or explicitly consider whether any amendment would be futile. See <u>Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)</u>; <u>Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000)</u>. However, it is clear that any such amendment would indeed have been futile. <u>Grayson, 293 F.3d at 108</u> (noting that [HN4]amendment "must be permitted . . . unless it would be inequitable **[**5]** or futile").

Having found no merit to this appeal, we will dismiss it pursuant to <u>28 U.S.C. §</u> <u>1915(e)(2)(B)</u>. The request for a preliminary injunction is denied. See, e.g., <u>Adams v.</u> <u>Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000)</u> [HN5](to obtain a preliminary injunction a plaintiff must show both that he (1) is reasonably likely to succeed on the merits, and (2) will likely experience irreparable harm without the injunction).

Top of Form

Bottom of Form

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2006, the attached Opening Brief In

Support of Defendant Union Pacific Railroad Company' Motion to Dismiss was served

upon Plaintiff by regular United States mail at the following address of record and was

electronically filed with the Clerk of the Court using CM/ECF:

> Mr. Jerome Davis
> SBI No. 061935
> Nebraska Department of Corrections
> P.O. Box 2500
> Lincoln, Nebraska  68542-2500

DANIEL F. WOLCOTT, JR. (ID No. 284)
POTTER ANDERSON & CORROON LLP 1313
North Market Street—6th Floor
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Fax:  (302) 658-1192
dwolcott@potteranderson.com

[752834]