IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:06-cv-00128 (KAJ) |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S
RESPONSE IN SUPPORT OF ITS MOTION TO DISMISS**

POTTER ANDERSON & CORROON LLP

Daniel F. Wolcott, Jr.
1313 North Market Street—6th Floor
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Fax: (302) 658-1192
dwolcott@potteranderson.com

*Attorneys for Defendant
Union Pacific Railroad Company*

Date: October 20, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF PROCEEDING ...................................................................... 1

I.   PLAINTIFF JEROME DAVIS' COMPLAINT SHOULD BE
     DISMISSED FOR LACK OF JURISDICTION ........................................................ 1

II.  PLAINTIFF MUST BE DENIED CERTIFICATION OF A CLASS
     ACTION AS A *PRO SE* PLAINTIFF IS NOT QUALIFIED, AS A
     MATTER OF LAW, TO REPRESENT A PUTATIVE CLASS IN A
     CLASS ACTION LAWSUIT ..................................................................................... 2

CONCLUSION ...................................................................................................................... 2

CERTIFICATE OF SERVICE ............................................................................................. 3

## TABLE OF AUTHORITIES

### CASES

*Mennen Co. v. Atlantic Mut. Ins. Co.*,
 147 F.3d 287 (3d Cir. 1998) ............................................................................................2

### STATUTES

28 U.S.C. § 1332(a) (2006) ...................................................................................................1

## NATURE AND STAGE OF PROCEEDING

On October 17, 2006, Plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss (the "Response"), D.I. 34, Affidavit of Jerome Davis in Support of Plaintiff's Response to Defendant's Motion to Dismiss, D.I. 35, and a Motion to Hold Defendant in Contempt/ Sanctions, D.I. 36.[1] Although Plaintiff purported to mail a copy of his pleadings on October 10, 2006 to Defendant's counsel, Defendant did not receive the mailing and did not become aware of the Motions or Affidavit until they were filed by this Court.

The following is Defendant's reply to Plaintiff's Response.

### I. PLAINTIFF JEROME DAVIS' COMPLAINT SHOULD BE DISMISSED FOR LACK OF JURISDICTION

Plaintiff agrees that he is a citizen of Nebraska. As Union Pacific is also a citizen of Nebraska, having its principal place of business there, diversity of citizenship does not exist. 28 U.S.C. § 1332(a) (2006). Plaintiff makes no effort, because he cannot, to refute that Union Pacific's principal place of business is in Nebraska. Defendant is a Delaware corporation that has its principal place of business in Nebraska. As a corporation, Defendant has citizenship in both its place of incorporation and its principal place of business. Because Plaintiff and Defendant are citizens of Nebraska, diversity

---

[1] Plaintiff seeks to hold Union Pacific's counsel in contempt for filing this motion to dismiss. Plaintiff characterizes the motion as "frivious [sic] yet dilatory." (Mot. to Hold Def. in Contempt/Sanction, ¶ 1.) This motion is neither. In addition, Plaintiff claims that Union Pacific's counsel inaccurately described the proceeding filed in Nebraska state court. Defendant's counsel will file a separate, formal response to Plaintiff's motion. Documents from Plaintiff's state case, filed In the District Court, Douglas County, Nebraska, are attached as Exhibit C to the Opening Brief in Support of Union Pacific Company's Motion to Dismiss.

jurisdiction is destroyed. *Mennen Co. v. Atlantic Mut. Ins. Co.*, 147 F.3d 287 (3d Cir. 1998).

II. **PLAINTIFF MUST BE DENIED CERTIFICATION OF A CLASS ACTION AS A *PRO SE* PLAINTIFF IS NOT QUALIFIED, AS A MATTER OF LAW, TO REPRESENT A PUTATIVE CLASS IN A CLASS ACTION LAWSUIT.[2]**

Plaintiff apparently agrees that he is not an appropriate representative of a putative class in a class action. (Pl.'s Resp. to Def.'s Mot. to Dismiss, § II.) Because of Plaintiff's *pro se* status, class action certification for this action can and should be denied. Furthermore, Plaintiff has not alleged facts sufficient for class action certification.

## CONCLUSION

For the foregoing reasons and those set forth in Union Pacific's opening brief, Jerome Davis' Complaint should be dismissed.

POTTER ANDERSON & CORROON LLP

By: /s/ Daniel F. Wolcott, Jr.
Daniel F. Wolcott, Jr. (ID No. 284)
1313 North Market Street—6th Floor
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Fax: (302) 658-1192
dwolcott@potteranderson.com

*Attorneys for Defendant*
*Union Pacific Railroad Company*

Date: October 20, 2006
[756451]

---

[2] It is not necessary for the court to consider this argument if the Complaint is dismissed for lack of jurisdiction. Union Pacific presents this argument because of the requirements of Federal Rule of Civil Procedure 12(h).

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2006 the attached Defendant Union Pacific Railroad Company's Response in Support of its Motion to Dismiss was served upon Plaintiff by regular United States mail at the following address of record and was electronically filed with the Clerk of the Court using CM/ECF:

>Mr. Jerome Davis
>SBI No. 061935
>Nebraska Department of Corrections
>P.O. Box 2500
>Lincoln, Nebraska  68542-2500

_____
DANIEL F. WOLCOTT, JR. (ID No. 284)

[756451]