IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEROME DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-128 (KAJ) |
| | ) |
| UNION PACIFIC RAILROAD | ) |
| COMPANY, a Delaware corporation, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO STAY ALL DISCOVERY
PENDING DECISION ON DEFENDANT
UNION PACIFIC RAILROAD COMPANY'S MOTION TO DISMISS**

Now comes Defendant Union Pacific Railroad Company ("Union Pacific"), pursuant to Federal Rule of Civil Procedure 26, and respectfully moves to stay all discovery pending a decision by the Court on Union Pacific's Motion to Dismiss for lack of subject matter jurisdiction. In support of this Motion, Union Pacific submits the following:

1. On October 3, 2006 Union Pacific filed its Motion to Dismiss (D.I. 28) and accompanying brief (D.I. 29). The basis for the pending Motion to Dismiss is that there is no diversity jurisdiction since both parties are citizens of Nebraska. In his response (D.I. 34), Plaintiff agrees he is a citizen of Nebraska and does not contest that Union Pacific's principal place of business is in Nebraska.

2. Since this case was filed, Plaintiff has filed eight (8) subpoenas requesting information from different entities. On October 23, 2006, Plaintiff filed a subpoena for the deposition of Betty A. Fairley, scheduled for November 8, 2006 at the correctional institution where Plaintiff is currently incarcerated. On November 3, 2006,

Counsel for Union Pacific received Plaintiff's request for authorization to proceed with the deposition of Betty A. Fairley. Counsel for Union Pacific received Plaintiff's request only as a result of this Court's electronic filing.

3. This Court has discretion to postpone discovery when a potentially dispositive motion is pending before the court. *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (recognizing that "it is within the sound discretion of the Court to postpone discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions"); *see also Allied Poultry Processors Co. v. Polin*, 134 F. Supp. 278, 279-80 (D. Del. 1955) (noting that priority of discovery requests could not be decided until the court had determined that jurisdiction was appropriate).

4. In deciding a motion to stay discovery prior to adjudication of a pending motion, a court should consider whether the pending motion will moot the suit; whether there are other parties against whom the litigation will proceed; and whether the pending motion to dismiss is a question of law, or whether there may be factual questions. *See Moore Federal Practice* 3d § 26.185[3][c]; *see also Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598 (C.D. Cal. 1995).

5. In the present case, there is no factual dispute regarding the citizenship of the parties, and there are no other parties in this litigation. Further, a grant of Union Pacific's Motion to Dismiss would render Plaintiff's deposition request moot, thereby conserving the resources of this Court and interested parties.

6. Counsel is unaware whether Plaintiff has made appropriate arrangements for the deposition of Betty A. Fairley, which is purportedly to be held at the

Nebraska State Penitentiary on November 8, 2006 at 9:45 AM. Pursuant to L.R. 30.2, the deposition is stayed pending resolution of this Motion.

      7.      Counsel hereby certifies that because Plaintiff is incarcerated in Nebraska, counsel is not able to comply with L.R. 7.1.1.

WHEREFORE, Defendant Union Pacific Railroad Company requests that the Court stay all further discovery in the case pending resolution of Union Pacific's Motion to Dismiss.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: /s/ Daniel F. Wolcott, Jr.
Daniel F. Wolcott, Jr. (ID No. 284)
1313 North Market Street—6th Floor
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Fax: (302) 658-1192
dwolcott@potteranderson.com
dmoore@potteranderson.com

Date: November 6, 2006
[760472]

*Attorneys for Defendant*
*Union Pacific Railroad Company*

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2006 a copy of the Motion to Stay All Discovery Pending Decision on Defendant Union Pacific Railroad Company's Motion to Dismiss was served upon Plaintiff by regular United States mail at the following address of record and was electronically filed with the Clerk of the Court using CM/ECF:

> Mr. Jerome Davis
> SBI No. 061935
> Nebraska Department of Corrections
> P.O. Box 2500
> Lincoln, Nebraska 68542-2500

*/s/ Daniel F. Wolcott, Jr.*
Daniel F. Wolcott, Jr. (ID No. 284)
Potter Anderson & Corroon LLP
313 North Market Street—6th Floor
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Fax: (302) 658-1192
dmoore@potteranderson.com

[760472]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-128 (KAJ) |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Having considered Union Pacific Railroad Company's Motion to Stay all Discovery Pending Decision on Defendant Union Pacific Railroad Company's Motion to Dismiss, IT IS HEREBY ORDERED this _____ day of _____, 2006, that the motion is GRANTED.

							_____
							UNITED STATES DISTRICT JUDGE

[760449]