ALD-215

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4853

JEROME DAVIS,

Appellant

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00128)
District Judge: Honorable Kent A. Jordan

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 3, 2007

Before: SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>

**JUDGMENT**

This cause came on to be heard on the record from the United States District Court for the District of Delaware and was submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the appeal is dismissed under 28 U.S.C. § 1915(e)(2)(B). All of the above in accordance with the opinion of this court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

DATED: May 21, 2007

Certified as a true copy and issued in lieu
of a formal mandate on 10/12/07

Teste: *Marcia M. Waldron*
Clerk, U.S. Court of Appeals for the Third Circuit

**ALD-215**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4853
_____

JEROME DAVIS,

Appellant

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation
_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 06-cv-00128)
District Judge: Honorable Kent A. Jordan
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 3, 2007

Before: SLOVITER, CHAGARES AND GREENBERG, CIRCUIT JUDGES

(Filed: May 21, 2007)

_____

OPINION
_____

PER CURIAM

   Jerome Davis, a prisoner, appeals from the district court's order dismissing his complaint for want of subject-matter jurisdiction. For the following reasons, we will dismiss Davis' appeal. See 28 U.S.C. § 1915(e)(2)(B)(i).

On February 27, 2006, Davis filed a purported class action complaint against Union Pacific Railroad Company ("Union Pacific") in the United States District Court for Delaware. In his complaint, Davis alleged a myriad of injuries sustained from exposure to lead contamination on a Superfund site in Omaha, Nebraska. On October 3, 2006, Union Pacific filed a motion to dismiss Davis' complaint for lack of subject-matter jurisdiction. In an order entered on November 7, 2006, the district court granted Union Pacific's motion. The district court explained that Davis' arguments "ignore[d] the plain language of [28 U.S.C.] section 1332, which requires th[e] court to view [Union Pacific] as being a citizen of both Delaware and New Jersey." Davis filed a timely notice of appeal.[1]

The district court correctly determined that it lacked subject matter jurisdiction over Davis' claim. A federal court has jurisdiction, under 28 U.S.C. § 1332(a)(1), over a case in which there is *complete* diversity of citizenship; "that is, no plaintiff can be a citizen of the same state as any of the defendants." Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). A corporation may well be a citizen of two states. "A corporation is deemed a citizen 'of any State by which it has

---

[1] Davis has been granted leave to appeal in forma pauperis. When an appellant proceeds in forma pauperis, this court must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous appeal has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

been incorporated and of the State where it has its principal place of business.'" Grand Union Supermarkets, 316 F.3d at 410 (quoting 28 U.S.C. § 1332(c)).

The party invoking diversity jurisdiction bears the burden of proving facts by which it may be sustained. See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). Here, Davis failed to establish diversity jurisdiction.[2] It appears from the face of Davis' complaint that Davis is a citizen of Nebraska and that Union Pacific is incorporated in Delaware. The complaint, however, lacks any allegation as to where Union Pacific maintains its principal place of business. Cf. Moore v. Sylvania Elec. Prods., Inc., 454 F.2d 81, 84 n.1 (3d Cir. 1972) ("The court has not read [§ 1332's] jurisdictional prerequisite in the disjunctive, but rather, has required complaints to include allegations of both the place of incorporation and the principal place of business of the

---

[2] In reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(1), attacking subject matter jurisdiction as a matter of fact,

> there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting Mortensen v. First Fed. Sav. & Loan, 549 F.2d 884, 891 (3d Cir. 1977)). Further, "a facially sufficient complaint may be dismissed before an answer is served if it can be shown by affidavits that subject matter jurisdiction is lacking." Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990) (citing KVOS, Inc. v. Associated Press, 299 U.S. 269 (1936)).

corporate parties, . . . The complaint here lacks any allegation as to where appellee maintains its principal place of business." (internal citations omitted)). Meanwhile, Union Pacific attached an affidavit to its brief, in support of its motion to dismiss, stating that Union Pacific's principal place of business is in Nebraska. Moreover, in addition to the affidavit, Union Pacific cited to cases from other circuits holding the same. See e.g., Alumbaugh v. Union Pacific, 322 F.3d 520, 523 (8th Cir. 2003) ("Union Pacific is a Delaware corporation with its principal place of business in Omaha, Nebraska.") Further, Davis had an opportunity to be heard in a reply to Union Pacific's motion. As noted by the district court, however, Davis created no dispute on the issue of the location of Union Pacific's principal place of business.[3] Cf. McCann, 458 F.3d at 290.

      In sum, because Davis' complaint was properly dismissed for lack of subject matter jurisdiction and this appeal lacks arguable legal merit, we will dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[3] There was no need to provide Davis an opportunity to further amend his complaint because any amendment would have proven futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (noting that amendment "must be permitted . . . unless it would be inequitable or futile").